**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                  :
FELIX YAW OPPONG,                 :  CIVIL ACTION NO. 08-5762 (MLC)
                                  :
     Petitioner,                  :  MEMORANDUM OPINION
                                  :
     v.                           :
                                  :
UNITED STATES OF AMERICA,         :
                                  :
     Respondent.                  :
_____:
```

**COOPER, District Judge**

This matter comes before the Court on the pro se motion of Felix Yaw Oppong ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The underlying criminal case in this Court was United States v. Oppong, Crim. No. 02-455-02 (MLC). Petitioner was convicted in a jury trial on a two-count indictment charging conspiracy to distribute more than 5 kilograms of cocaine and conspiracy to export more than 5 kilograms of cocaine. His sentence of 240 months imprisonment was affirmed on direct appeal. His petition seeks to set aside the conviction and sentence on grounds that he received ineffective assistance of trial counsel in the plea negotiation phase, resulting in his decision to proceed to trial rather than accept a plea agreement when it was offered to him. Pursuant to Section 2255 and Rule 8 of the Rules Governing Section 2255 Proceedings, the Court hereby determines that an evidentiary hearing is necessary, and will be so ordered.

## I. PROCEDURAL HISTORY

The indictment, filed on May 31, 2002, charged petitioner with conspiring to (1) distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); and (2) export more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 953 and 960(b)(1)(B).[1]  Petitioner retained counsel upon his arrest, and that counsel represented him at his initial appearance on July 11, 2002.  However, as of August 20, 2002, petitioner requested and received CJA court-appointed counsel ("trial counsel").  Trial counsel filed various pre-trial motions including a motion to suppress petitioner's post-arrest statement.  The suppression motion was denied after a two-day hearing at which petitioner testified.

Petitioner and one co-defendant proceeded to trial beginning on February 4, 2003 and concluding on March 14, 2003.  Petitioner was found guilty on both counts.

Petitioner was sentenced on October 1, 2003, to a term of 240 months imprisonment, with 5 years supervised release and a

---

[1] Since this memorandum opinion is written for the benefit of the parties, only the facts relevant to the determination to conduct an evidentiary hearing are discussed here.  All record references herein are based upon the file in this Section 2255 action (Civil Action No. 08-5762), and/or in the underlying criminal action (Crim. Action No. 02-455-02), copies of which are in the possession of both parties.

$1,000 fine.[2]  He filed a direct appeal, which was decided on January 26, 2006.  The Court of Appeals affirmed his conviction but remanded for resentencing pursuant to Booker v. United States, 543 U.S. 220 (2005).

Petitioner's resentencing was conducted under the advisory Guidelines system recognized in Booker.  On June 29, 2006, he was resentenced to the same sentence as originally imposed, based upon the now-advisory Guidelines calculations and all other pertinent factors under 18 U.S.C. § 3553(a).  That sentence was affirmed on direct appeal on December 7, 2007.

This timely pro se motion under Section 2255 was filed on November 24, 2008.  The motion seeks to set aside petitioner's conviction and sentence based upon alleged ineffective assistance of trial counsel in four enumerated aspects relating to his pre-trial plea negotiation process.  His claims are quoted verbatim here:[3]

---

[2]  The sentence imposed on October 1, 2003 was within the guideline range of 235 to 293 months as determined at sentencing, based upon a total offense level of 38 and criminal history category I.  The offense level calculation was based upon our findings that the quantity of cocaine attributable to petitioner was 15 to 50 kilograms (base offense level 34); that he had a supervisory/managerial role (2 levels); and that he obstructed justice by making false statements under oath at the suppression hearing and at trial (2 levels).  Each count carried a mandatory minimum of 10 years, but the guideline range was much higher at 235-293 months.

[3]  This is a verbatim quote from the petition, paragraph 12 (State every ground you claim....), except that we have corrected obvious grammatical errors.

>   [POINT ONE]:  Did petitioner receive ineffective assistance of counsel involving a "plea agreement" that counsel misled petitioner into believing that the government's "second plea agreement" was the same as the "first plea agreement" the government offered?
>
>   POINT TWO:  Counsel failed to inform petitioner the terms and details of the plea agreements, and the desirability of whether to accept the "second plea agreement."
>
>   POINT THREE:  Counsel failed to advise petitioner that he could receive sentencing enhancements if convicted at trial.
>
>   POINT FOUR:  Counsel failed to conduct pretrial investigation, interview, and adequately advise as to the extent of the case, and advised petitioner whether to proceed to trial, or plead guilty.  Especially when his investigation and interview would have revealed key witness Kittoe's refusal to testify at trial.

Petitioner's supporting brief further alleges as follows:

>   Petitioner's counsel intentionally misled Petitioner that the "Second Plea Agreement" was the same as the "First Plea Agreement" causing Petitioner [to make an] unintelligent decision by rejecting the "Second Plea Agreement."
>
>   After Petitioner's trial conviction, Petitioner requested his counsel to send him copies of related documents to the case, including the "plea Agreement." Petitioner reviewed the "Plea Agreements" with the assistance of fellow prison inmates and found that in fact the "Second Plea Agreement" was materially different from the "First Plea Agreement."
>
>   In the "Second Plea Agreement," the government agreed to change the Minimum Mandatory of 10 years to life under 21 U.S.C. § 841 (a)(1) and (b)(1)(A)(ii) to a Minimum Mandatory of 5 years-40 years under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), and agreed to reduce the Supervised Release terms from 5 years to 4 years, and agreed also to drop managerial role.
>
>   If Petitioner knew that the "Second Plea Agreement" was different and [more] favorable to Petitioner than the

>    "First Plea Agreement", he would have accepted the
>    government's "Second Plea Agreement".  Petitioner
>    relied on the professional advice of his counsel and
>    suffered prejudice...."

(Dkt. entry no. 1-1 at 12-13.)

The motion has been fully briefed on the papers, pursuant to various scheduling orders.  The government's opposition papers include a sworn affidavit by trial counsel dated September 18, 2009, disputing petitioner's material factual assertions.  (Dkt. entry no. 14-2.)

Petitioner seeks judgment in his favor on the papers, or in the alternative he seeks an evidentiary hearing.  The government submits that the petition should be denied on the papers, but recognizes that the Court must determine whether a hearing is necessary.

## II.  DISCUSSION

**A.  Duty of District Court**

Section 2255 itself limits the discretion of a district court to dismiss a petition without a hearing:

>    <u>Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief</u>, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added).

The duty of the district court under this provision has been described generally as follows:

5

> When a motion is made under § 2255 the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.

<u>Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1989) (citation omitted). <u>See also</u> Rule 8(a) of the Rules Governing Section 2255 Proceedings.

**B.  Standards for claim of ineffective assistance of counsel regarding sentence exposure and plea bargaining**

The well-settled standards for ineffective assistance claims in general have been summarized by our Court of Appeals in <u>United States v. Day</u>, 969 F.2d 39 (3d Cir. 1992) as follows:

> The principles governing ineffective assistance of counsel claims are familiar, and we need not belabor them here. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. <u>Strickland v. Washington</u>, 455 U.S. 668, 687 ... (1984). To gain relief for a violation of this right, a defendant must show both unprofessional conduct and, in most cases, prejudice as a result. More precisely, the claimant must show that (1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, see <u>id.</u> at 687-91, ... and, unless prejudice is presumed, that (2) but for counsel's unprofessional errors, the result would have been different," <u>id.</u> at 694.... "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

<u>Id.</u> at 42.

Our review of relevant case law shows that Day is the leading decision in our Circuit on the issue of whether an evidentiary hearing is necessary in a situation such as this.

Petitioner in Day alleged that his trial counsel gave him deficient advice during the plea bargaining process that led him to decline a plea offer that would have resulted in a 5-year sentence in his drug distribution conspiracy case.  He went to trial and was convicted, then based upon a career offender enhancement at sentencing he was sentenced to nearly 22 years (the bottom of the 262-327 month range).  His petition claimed that there was such a plea offer; that his counsel failed to explain his possible career offender status; and that counsel told him that the maximum sentence he could get if he stood trial was eleven years.  He contended that if he had been told of his true sentence exposure, he would have accepted the government's plea offer and received a 5-year sentence.

The district court dismissed Day's petition outright in a written opinion, and the Court of Appeals reversed.  It ruled that unless on remand the district judge could conclude that there was no "reasonable probability" that he would have approved the alleged plea agreement [thus negating the Strickland prejudice prong], he should hold an evidentiary hearing.  Id. at 44-47.

The Day court (per Judge Becker) was very explicit in laying out the analytical framework for reviewing § 2255 petitions in such circumstances. It found that Day's petition stated a claim for substandard performance of counsel, under the first Strickland prong, when it alleged that although Day was made aware of the terms of the proposed plea bargain, the advice he received from trial counsel "was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the offer." Id. at 43. "[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." Id. (citations omitted). "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." Id. Likewise, it said that the prejudice prong required consideration of whether Day would have accepted the alleged plea offer and whether the district court would have approved it, and ruled that his allegation that he would have pled guilty had he known that he would receive a sentence of almost 22 years was not so implausible as to warrant dismissal without a hearing. Id. at 44-45. The court emphasized that at the pleadings stage (since it did not view Day's allegations to be clearly frivolous based on the existing record), "we must accept the factual allegations in [the] petition as true." Id. at 42 (citing Forte, 865 F.2d at 62).

There is a procedural distinction between Day and the present case, which arguably could support a different result here but we find it not to be dispositive. In Day, the district court did not even give the government the opportunity to file an answer before it summarily dismissed the petition. Id. at 41. Here, in contrast, we have not only the answering brief of the government, but the opposing affidavit of petitioner's trial counsel.

The response to that is twofold, in our view. First, nothing in Day suggested that the Court of Appeals would be satisfied with less than an evidentiary hearing unless the district judge could determine based on his own familiarity with the case that he would have rejected the alleged plea agreement. Id. at 47. Second, all of the relevant case law since Day that we have located points to the need for an evidentiary hearing in similar situations. See, e.g., United States v. Booth, 432 F.3d 542 (3d Cir. 2005) (remanding for hearing where Section 2255 petition adequately alleged that defendant went to trial rather than accept cooperating plea bargain, but was not informed by counsel that he could have entered an open plea and thereby obtain Guideline credit for acceptance of responsibility; opposing affidavit from trial counsel did not suffice instead of hearing); United States v. Purcell, 667 F.Supp.2d 498, 500-512 (E.D. Pa. 2009) (district court conducted hearing (citing Day) on

9

Section 2255 petition alleging that ineffective assistance caused him to go to trial rather than pursue a possible plea agreement; finding based on hearing that there was no Strickland prejudice because government would not have agreed to such a deal); Abdunafi v. United States, Nos. 06-255 & 09-696, 2009 WL 3483302 (M.D. Pa. Oct. 27, 2009) (ordering evidentiary hearing in Section 2255 case where petitioner alleged that deficient advice led him to go to trial rather than accept plea offer; petition stated one version of what transpired and affidavit of trial counsel conflicted with petitioner's version; petition denied based on hearing, 2010 WL 2595236); but see United States v. Sherman, Nos. 06-545 & 09-765, 2009 WL 4362568 (E.D. Pa. Nov. 30, 2009) (denying Section 2255 petition without hearing where petitioner alleged that counsel miscalculated guidelines range during their discussions before trial, and had he received a correct calculation he "may" have entered open guilty plea); see also United States v. Jones, 336 F.3d 245, 253-55 (3d Cir. 2003) (affirming, on direct appeal, denial of motion to withdraw guilty plea for alleged ineffective assistance of prior counsel, where district court had conducted a hearing and defendant "had a chance to make a full record" (citing Day), and court concluded there was no credible evidence to support his contentions); cf. Boyd v. Waymart, 579 F.3d 330, 332-33 (3d Cir. 2009) (per curiam) (extensive discussion, in concurring and dissenting opinions, on

10

standards for evidentiary hearing under statutory framework of a Section 2254 motion under AEDPA, where petitioner alleged ineffective assistance of counsel in considering successive plea offers, one of which he accepted with allegedly unforeseen prejudicial results); Johnson v. United States, Nos. 08-21 & 09-175, 2010 WL 1540119 (S.D. Ga. Apr. 15, 2010) (ordering hearing where Section 2255 petitioner alleged that he pled guilty based on a plea agreement but counsel failed to advise him of an earlier, more favorable offer, and affidavit of counsel conflicted with petitioner's version; decision citing Boyd for factual similarity).

    The development of Third Circuit precedent in other factual settings under Section 2255 illustrates the distinction between situations requiring and not requiring an evidentiary hearing. Compare United States v. McCoy, 410 F.3d 124 (3d Cir. 2005) (reversing denial of Section 2255 petition and remanding for evidentiary hearing where petitioner alleged that counsel's advice to stipulate at trial to a fact that could support mens rea element constituted ineffective assistance); Solis v. United States, 252 F.3d 289 (3d Cir. 2001) (vacating and remanding for hearing in Section 2255 case where petitioner alleged that he instructed counsel to file a direct appeal but counsel did not file; potential factual dispute existed because the files and records did not show conclusively that petitioner was not

entitled to relief); with United States v. Lilly, 536 F.3d 190 (3d Cir. 2008) (affirming denial of evidentiary hearing in Section 2255 case where petition alleged that counsel failed to properly advise regarding the right to jury trial when petitioner waived that right and proceeded to nonjury trial; no prejudice shown because evidence was more than sufficient for judge or jury to find guilt); see also Palmer v. Hendricks, 592 F.3d 386 (3d Cir. 2010) (affirming denial of evidentiary hearing in Section 2254 case under AEDPA, where petitioner had requested and been denied hearing in state court, and claim was that counsel had failed to advise him of his right to testify at trial, but petitioner failed to allege prejudice adequately because he did not specify what he would have testified other than that he had a theory of self defense).

**C.   Findings and conclusion**

We find that construing petitioner's pro se allegations liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and accepting, at this stage of the proceedings, the factual allegations in the petition as true, Forte, 865 F.2d at 62, the petition states a claim under both prongs of Strickland v. Washington.  This claim cannot be adjudicated on the records and files before the Court because we do not have a full record of the plea negotiations in this case, and we have conflicting accounts of the communications between petitioner and his counsel

during that process.  See, e.g., Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney ... may discuss and reach a plea agreement.  The court must not participate in those discussions.")  Therefore, the factual issues raised in the petition and disputed by the government must be resolved by an evidentiary hearing.  Day, 969 F.2d at 44-47.  The next steps will be to appoint counsel for petitioner, allow a counseled petition to be filed, then conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.  Id. at 46-47; Rule 8 of the Rules Governing Section 2255 Proceedings.

    An appropriate Order accompanies this memorandum opinion.


                                     s/ Mary L. Cooper
                                     **MARY L. COOPER**
                                     United States District Judge

Dated:    September 1, 2010